**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4645**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES ADAMS MCCOMBS,

Defendant - Appellant.

**No. 07-4666**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES ADAMS MCCOMBS,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:06-cr-00028; 3:05-cr-00103-RJC)

Submitted: April 29, 2008          Decided: May 7, 2008

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Erik M. Rosenwood, HAMILTON, MOON, STEPHENS, STEELE & MARTIN, PLLC, Charlotte, North Carolina, for Appellant.  Karen S. Marston, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Adams McCombs pled guilty to conspiracy to possess with intent to distribute heroin and cocaine, possession of a firearm by a convicted felon, and two violations of his supervised release. He was sentenced to 200 months of imprisonment each on the drug and firearm counts, to be served concurrently. His fifty-one-month sentence for violating supervised release was imposed to run consecutively for twelve months, so that his total sentence of imprisonment is 212 months. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issue: whether McCombs' sentence was greater than necessary under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). For the reasons that follow, we affirm.

We do not find that the district court abused its discretion in sentencing McCombs. See Gall v. United States, 128 S. Ct. 586, 597 (2007) (stating review standard); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (same). Our review of the record reveals no procedural or substantive error in McCombs' sentence, Pauley, 511 F.3d at 473, and demonstrates that the district court carefully considered the § 3553(a) factors before imposing sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). McCombs' assertion that he received an unwarranted disparate sentence, in violation of 18 U.S.C.

§ 3553(a)(6) (2000), fails in light of his extensive criminal history and correct designation as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2006), which gave him a higher sentence than some of his co-defendants.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED