**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-4528**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHARLES ADAMS MCCOMBS, a/k/a IG,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:06-cr-00042-RJC-1)

─────────

Submitted:  January 31, 2011          Decided:  March 2, 2011

─────────

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Erik M. Rosenwood, M. Aaron Lay, HAMILTON, MOON, STEPHENS, STEELE & MARTIN, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Adams McCombs pled guilty to conspiracy to possess with intent to distribute heroin and cocaine, possession of a firearm by a convicted felon under 18 U.S.C. § 922(g) (2006), and was found guilty of two violations of his supervised release. He was sentenced to 200 months of imprisonment each for the drug and firearm counts, to be served concurrently. His fifty-one-month sentence for violating supervised release was imposed to run concurrently for thirty-nine months with the other two sentences and consecutively for twelve months, so that McCombs' total sentence of imprisonment was 212 months. McCombs has filed a notice of appeal from his § 922(g) conviction. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issue: whether McCombs' sentence was greater than necessary under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010).[*] For the reasons that follow, we affirm.

---

[*] We previously addressed counsel's instant issue in McCombs' prior appeal. See United States v. McCombs, 276 F. App'x 306 (4th Cir. 2008). The district court, however, failed to transmit the notice of appeal for McCombs' § 922(g) conviction, so that only McCombs' drug conspiracy and supervised release violations were technically before us. Thus, we now address McCombs' claims in the context of his conviction and sentence for the felon-in-possession of a firearm violation.

We do not find that the district court abused its discretion in sentencing McCombs. Gall v. United States, 552 U.S. 38, 49 (2007) (stating review standard); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (same). Our review of the record reveals no procedural or substantive error in McCombs' sentence, Pauley, 511 F.3d at 473, and demonstrates that the district court carefully considered the § 3553(a) factors before imposing sentence. McCombs' assertion that he received an unwarranted disparate sentence, in violation of 18 U.S.C. § 3553(a)(6) (2006), fails in light of his extensive criminal history and correct designation as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2006), which gave him a higher sentence than some of his co-defendants.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm McCombs' conviction and sentence for his § 922(g) violation. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED